

FILED
MAY 14 2008



CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| INDUSTRIAL PROCESS TECHNOLOGY, INC., a North Dakota corporation,<br><br>Plaintiff,<br><br>v.<br><br>WEB WATER DEVELOPMENT ASSOCIATION, INC., a South Dakota corporation,<br><br>Defendant. | CIV. 08-1007<br><br>COMPLAINT |

## COMPLAINT

Plaintiff, Industrial Process Technology, Inc., by its attorneys, complains as follows against Defendant, WEB Water Development Association, Inc.:

### NATURE OF THE ACTION

1.  This is a civil action for breach of contract.

### JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). This Court has personal jurisdiction over the Defendant because the Defendant transacts business in, or has other contacts with, the State of South Dakota.

3.  Venue is proper in this federal judicial district under 28 U.S.C. §1391(a) and (c) because the Defendant resides in South Dakota and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## PARTIES

4.      Plaintiff, Industrial Process Technology, Inc. ("IPT") is a North Dakota corporation duly organized and authorized to do business under the laws of North Dakota and has its office and principal place of business at 2213 7th Avenue North, Fargo, North Dakota 58108-2931.

5.      Defendant, WEB Water Development Association, Inc. ("Water Development") is a corporation organized under the laws of the State of South Dakota, and according to records on file with the South Dakota Secretary of State's office, has its principal office in the State of South Dakota at 38462 U.S. Highway 13, Aberdeen, South Dakota 57403-0051.

## FACTS COMMON TO ALL COUNTS

6.      IPT is the business of general contracting.

7.      Water Development is a regional water system serving 17 counties in north central South Dakota and North Dakota. It is in the business of distributing potable water.

8.      On or about August 24, 2004, IPT entered into a written contract with Water Development wherein IPT would furnish and install piping and valves at the Mina Booster Station in Mina, South Dakota.

9.      Under the terms of the agreements, IPT would provide certain improvements including the construction of a pumping station. A true and correct copy of the agreement is attached and incorporated herein as **Exhibit A**.

10.     The specifications for the butterfly valves to be installed on the Project called for "Dresser 450 AWWA or approved equal."

11.     The Project Engineer on the Project was DeWild Grant Reckert & Associates Company ("DGR"), a consulting engineer firm out of Rock Rapids, Iowa.

12. Sioux Pipe & Equipment, along with Vessco, Inc., submitted cut sheets and shop drawings to IPT which were reviewed by IPT and then sent by IPT to DGR indicating a DeZurik Valve Class #150 Butterfly Valve ("#150 BFV") with the IPT stamp dated September 27, 2004.

13. On or about October 28, 2004, IPT received approval from DGR that the #150 BFVs conformed with project specifications and were approved for use on the project.

14. After receipt of the approval of the Engineer, IPT installed DeZurik Valve Class #150 Butterfly Valve ("#150 BFV"), which conformed with the Project specifications.

15. Between February 2004 and May 2005, IPT installed the #150 BFVs.

16. On July 15, 2005, after IPT had already installed the #150 BFVs, Water Development informed IPT that it would only accept #250 BFVs regardless of what the specifications or shop drawings indicated.

17. In August 2005, DeZurik supplied IPT with the #250 BFVs to replace the #150 BFVs previously installed by IPT.

18. The #250 BFVs arrived in January/February 2006.

19. On or about June 2006, IPT replaced the previously installed #150 BFVs and replaced them with the #250 BFVs.

20. IPT prepared Change Order #14 in the amount of $278,579.19 for supplying and installing the 250 BFVs. A true and correct copy of the Change Order is attached and incorporated herein as **Exhibit B**.

21. From June 2006 until January 2007, IPT replaced the existing butterfly valves with new valves pursuant to the directive of WEB.

22. On or about April 30, 2007, IPT sent written correspondence to DGR requesting final completion and final payment for the project.

3

23. On or about July 26, 2007, IPT received written correspondence from Curt Hohn, General Manager for Water Development, indicating that Water Development planned to keep $103,178.19 in liquidated damages to cover costs incurred by the delay in the completion of the project.

24. On or about August 25, 2007, IPT sent written correspondence to WEB asking that the "meet and confer obligations" required under the parties' contract be implemented.

25. In accordance with SC-16.01A of the parties' contract, IPT sent written correspondence to DGR on September 25, 2007, requesting that the parties meet and confer in order to resolve their differences. DGR did not respond to IPT's request.

26. On November 1, 2007, IPT submitted its payment application number 13, which included change orders 1 through 14 for a remaining amount due of $383,109.81.

27. On or about December 27, 2007, DGR responded to IPT's correspondence indicating that it would not agree to IPT's request to meet and confer.

28. IPT then filed the present suit.

## COUNT I – BREACH OF CONTRACT

29. IPT repeats and incorporates Paragraphs 1 through 28 as though fully set forth herein as Paragraph 29 of Count 1.

30. IPT and Water Development entered into a valid written contract.

31. IPT fully performed all of its obligations under the Contract.

32. Water Development breached the Contract by failing to pay IPT for the expenses it incurred while providing services on the Project.

33. As a direct and proximate result of Water Development's breach, IPT has been damaged in an amount greater than $75,000.00, plus interest.

## COUNT II – QUANTUM MERUIT (IN THE ALTERNATIVE)

34. IPT repeats and incorporates Paragraphs 1 through 28 as though fully set forth herein as Paragraph 34 of Count 2.

35. IPT provided necessary and proper general contracting services to WEB Water Development in connection with the Mina Booster project at the Mina Booster Station in Mina, South Dakota.

36. Water Development accepted the services performed by IPT.

37. The services and expenses charged by IPT were fair, reasonable, and proper.

38. After giving Water Development credit for all payments made, as of the date of this filing, there is due and owing IPT for the general contracting services rendered to Water Development on the Project a sum in excess of $75,000.00.

39. IPT has made numerous demands to Water Development for the payment of the amounts that IPT is due, but Water Development has failed and refused and continues to fail and refuse to pay the monies that IPT is due.

40. To allow Water Development to retain the value of the general contracting services provided by IPT without paying IPT for those services would be to unjustly enrich Water Development in a sum in excess of $75,000.00.

WHEREFORE, Plaintiff request judgment against Defendant as follows:

1. For an amount in excess of $75,000.

2. For pre-judgment interest, post-judgment interest, and the costs of this action.

3. For such other and further relief as the Court deems just and equitable.

5

JURY DEMAND

Plaintiff demands a trial by jury of all issues triable of right by jury.

Dated at Aberdeen, South Dakota, this 13th day of May 2008.

BANTZ, GOSCH & CREMER, L.L.C.

James M. Cremer
Attorneys for Plaintiff, Industrial Process
   Technology, Inc.
305 Sixth Avenue SE
P.O. Box 970
Aberdeen, South Dakota  57402-0970
(605) 225-2232
jcremer@bantzlaw.com